*152 OPINION
This matter came before the Fort Peck Court of Appeals on Appellants John & Linda Atchico petition for review filed on May 17, 2004. The petition requests that the May 11, 2004 decision denying Appellants request to set aside the default judgement entered on April 26, 2004 due to insufficient service of the notice of the hearing be overturned.
A review of the lower court file indicates that appellants were allegedly served notice of the hearing on April 12, 2004 by and through counsel of record, Roxanne Gour-neau. The notice of service does not indicate whether counsel for the appellants was personally served or whether the notice was accepted by a family member. As result of Ms. Gourneau’s failure to appear, default judgement was entered on April 26, 2004 against her clients.
The issue before this court is whether service on a family member constitutes adequate notice on a party to justify default judgement or merely creates is a rebuttable presumption of service, and whether there are sufficient grounds to set aside the default for good cause under Title VIII of the Fort Peck Comprehensive Code of Justice (2004), Sec. 302.
Under Title VI11 of the Fort Peck Comprehensive Code of Justice (2004), Sec. 102(b)(2), service “to a person of suitable age and discretion at the defendant’s residence or unusual place of business who resides of works there” is acceptable. In this case Ms. Gourneau stated that she believed service on behalf of her clients was accepted by a family member. This family member allegedly failed to notify Ms. Gourneau that she had been served with a hearing notice. The court record indicates the time and place of service but it doesn’t: indicate whether Ms. Gourneau was personally served or whether service was on some other person of suitable age at her residence.
In Bighorn v. Daniels Spang, Appeal No. 385, this Court recognized the importance of adequate service in order to insure that due process requirements are met. Although service on someone other than a party or their counsel is allowed under tribal law, due process requires that a party to an action receive actual notice of all hearings. Service on a person of suitable age at the defendant’s residence or business can create a presumption that adequate service has been achieve, but as matter of law presumptions are rebuttable. When motioning to set aside the default judgement, Ms. Gourneau indicated that she didn’t receive notice of the hearing. In light of the strong preference for deciding cases on the merits, any default judgement entered should be set aside if the request is made in a timely manner and there arc any grounds which would demonstrate good cause to set aside the default.
The Fort Peck Tribal Code does not define what is timely nor what are sufficient grounds for setting aside a default judgement, leaving this determination to the discretion of the court. Since the lower court provided no reasons for denying the motion to set aside, this Court is unable evaluate whether the lower court exercised its discretion appropriately.
In order to deny a motion to set aside as untimely, a court must determine that the prevailing party would be unreasonably harmed or disadvantaged by setting aside the judgement. Nothing in the lower court records reflects that this determination was made. In this case the request to set aside was filed within two weeks of entry of default judgement, making the likelihood of any harm or disadvantage to the Plaintiffs at that point in time extremely remote.
*153 Under the Fort Peck Tribal Code, the court may set aside a default for good cause. The lower court must find that a party requesting the set aside has a legitimate bases justifying setting the default judgement aside to ensure a decision is reached based on the merits of the complaint. The lower court in this case did not make any findings supporting its denial of the motion to set aside. Other jurisdictions apply the rule that a court may relieve a party or a party’s legal representative from a final judgement when there is a showing of mistake, inadvertence, surprise, constituting good cause are not particularly stringent and that whenever sanctions less sever than default judgement can be imposed against any non-appearing party, the court should utilize that remedy as opposed to letting a default judgement stand.
In this case there is nothing in the record to reflect that a determination was made by the lower court that Ms. Gour-neau in fact received actual notice of the hearing prior April 26, 2004. Inadequate notice of a hearing always constitutes good cause for setting aside a default judgement. In addition, there is nothing in the lower court record indicating that proof of the claim was presented by the plaintiffs at the time of default as required by the Fort Peck Comprehensive Code of Justice.
Substantive due process dictates that a hearing should have been held to determine whether Ms. Gourneau was in fact personally served prior to denying the motion to set aside, and whether other remedies less sever that default could have been employed by the lower court to address the non-appearance in this matter. Absent such a determination by the lower court, it is appropriate to remand this matter with directions that the default judgement be set aside and hearing on the merits held.
IT IS THEREFORE ORDERED BY THIS COURT THAT this matter be remanded to the lower court for modification of the judgement order consistent with this decision.