ORDER AFFIRMING IN PART AND REMANDING IN PART
Background
¶ 1 Appellant, Ashley Flynn, filed a Petition for Review on October 20, 2015. Ap-pellee Lawrence Hamilton Jr. filed a request for an Order to Show Cause hearing on April 26, 2016. Appellant Flynn filed a Motion to Expedite Appeal on April 28, 2016 and a Response to the request for a show cause hearing on May 9, 2016. On May 5, 2016, this Court issued an order granting review and scheduling briefs in the matter which was filed stamped May 11, 2016 by this Court. Nothing in the record reflects the date when or manner in which this order was served on the parties. On July 11, 2016, Appellant Flynn filed a brief in support of her request for review. On August 4, 2016, Appellee Hamilton filed a response brief and a motion to dismiss the petition for review due to the untimeliness of Appellant’s supporting brief. Appellant Flynn filed a Motion to Expedite Appeal on November 16, 2016.
¶2 This matter came before the lower court on Appellant Flynn’s motion to modify custody filed on September 2, 2015 which included a proposed parenting plan. This matter was scheduled for hearing on September 30, 2015. Both parties appeared pro se at the time of hearing with Appellant Flynn appearing telephonically. The lower court issued an order dated and signed on October 1, 2015 with a file stamp date of September 30, 2015.
¶ 3 The lower court order did not suspend child support due to Appellant Flynn’s unemployment, as requested in her proposed parenting plan, but rather imputed income to Appellant Flynn based on federal minimum wage standards and calculated child support based on the imputed income amount for the two children. The lower court also established a schedule for parenting time and allowed Appel-lee Hamilton to claim the children for income tax purposes in its order.
Statement of Jurisdiction
¶ 4 The Fort Peck Appellate Court has jurisdiction to review all final orders from the Fort Peck Tribal Court when a timely appeal is made. 2 CCOJ § 202. The order signed and dated October 1, 2015 with a date of entry of September 30, 2015 is a final order and the notice of appeal is deemed timely filed.
Standard of Review
¶ 5 This Court does not disturb a lower court’s factual findings if such findings are supported by substantial evidence. Nor will it overturn a lower court decision if the lower court does not abuse its discretion when making a final determination in custody and child support matters. 2 CCOJ § 202. See generally In the Matter of D.R.B., FPCOA No. 327 (2001) and In the Matter of B.R.Y., FPCOA No. 419 (2003). Questions of law, however, are reviewed de novo. 2 CCOJ § 202.
Issue
¶6 The first issue for review relates to whether Appellant Flynn’s appeal should be dismissed for failure to timely file a brief in support. Given that this *453 issue would be a dispositive to the case, the Court will address this issue first.
¶7 On May 5, 2015, this Court signed an order setting forth a briefing schedule for the parties. This order appears to have been entered on May 11, 2015 based on the date file stamped. It has long been recognized by this Court that in order to satisfy procedural due process requirements, parties must be adequately served with all legal documents arising from a cause of action filed in the tribal court. See generally Credit Bureau of Glasgow, Inc. v. Clark, FPCOA No. 047 (1988); Fort Peck Housing Authority v. Olson, FPCOA No. 064 (1989); Bighorn v. Spang, 4 Am. Tribal Law 256 (2002); and Atchico v. Deherrera, 6 Am. Tribal Law 151 (2005). As the Atchico court noted, a critical due process component associated with service is the proof of appropriate service on a party involved in a court action.
¶ 8 There is nothing specific in the tribal code indicating how tribal orders are to be served. The scheduling order issued by this Court indicates service will be by mail. This method is consistent with the criteria for service in pre-trial civil situations. 8 CCOJ § 102(b). This section of the tribal code provides that one way to demonstrate proof of service is for the person making service to file an affirmation of such service in the ease record. 8 CCOJ § 102(f). No such affirmation accompanies the scheduling order in this matter. Although the two-month time between when the scheduling order was entered and when Appellant Flynn’s brief received by this court exceeds the time allowed under the tribal code, this Court cannot determine when Appellant Flynn received notice of the scheduling order. Given the lack of a definite date of mailing, calculating when the fifteen (15) days for filing Appellant brief would have lapsed is impossible. This Court, therefore, will accept Appellant Flynn’s brief in support of her motion for review as timely filed.
¶ 9 The following issues have been raised for review by Appellant Flynn:
1. Did the lower court violate civil procedure requirements by questioning Appellee Hamilton at September 30, 2015 hearing before allowing Appellant Flynn to address the court?
2. Did the lower court violate Appellant Flynn’s due process rights by addressing child support as part of her modification of custody request?
3. Did the lower court abuse its discretion when ordering child support based on imputed income?
Discussion
¶ 10 Substantive due process requires that parties be given an opportunity to be heard at all court proceedings held in conjunction with any filed action. The Tribal code references hearing procedures in several places, but the section most applicable to this situation relates to the pre-trial hearing held on a complaint. 8 CCOJ § 103. In order to determine what issues are in dispute, a trial court must be able to ascertain whether a respondent/defendant has any defenses to the petition/complaint or wishes to present any counterclaims. This type of initial inquiry of Respondent Hamilton at the commencement of a hearing does not automatically demonstrate either bias of the judge nor violate due process. It appears this type of inquiry reflected a desire on the part of the lower court to ascertain what specific issues were in controversy.
¶ 11 The lower court allowed Appellant Flynn to testify. The lower court did not limit Appellant Flynn’s testimony. Substantive due process is satisfied when a party is given adequate notice of all hear *454 ings and is allowed to present testimony both in support and in defense of any claims being raised. This Court will look at the totality of the proceedings when evaluating whether due process standards have been satisfied. Procedural violations that do not negatively impact recognized substantive due process rights will be viewed as harmless. Fort Peck Tribes v. Melbourne, 3 Am. Tribal Law 318 (2001). There is nothing in the record that shows Appellant Flynn’s due process rights were violated by the manner in which the lower court hearing was conducted.
¶ 12 Appellant Flynn next argues that the lower court erred by addressing child support issues when all she was asking for in her petition was to change custody. A review of the lower court record reflects that Appellant’s petition does only indicate that child custody needs to be modified. However, in addition to the petition, Appellant Flynn also submitted a proposed parenting plan on September 2, 2015. In Section 10 of that parenting plan, Appellant Flynn asks that Appellee Hamilton not be allowed to seek child support until Appellant Flynn has been employed for a year. Appellant Flynn’s request in section 10 of her proposed parenting plan automatically triggered a need for the lower court to address child support as part of the September 30, 2015 hearing which was modifying the existing parenting plan.
¶ 13 The final issue raised by Appellant Flynn goes to whether the lower court abused its discretion when it imputed income to her when determining appropriate child support. Although the tribal code does not provide specific guidance on how child support is to be determined, the lower court has developed internal rules to assist that court when making child support determinations. The lower court’s administrative order, in place at the time this hearing was held, sets forth the criteria that the court should use when determining child support issues. Administrative Tribal Court Order 2014.2.0. This administrative order indicates that when the non-custodial parent is unemployed, the court shall determine child support by imputing full time employment at minimum wage. So long as the lower court utilizes the criteria established by an applicable administrative order when calculating child support it does not abuse its discretion. Redstone v. Tollefson, 3 Am. Tribal Law 351 (2001).
¶ 14 Unfortunately, the lower court record is devoid of information regarding precisely how it determined the amount of monthly child support owed by Appellant Flynn as the non-custodial parent. Although it appears this award of child support is consistent with the requirements of the applicable administrative order, due process requires that the lower court specifically articulate the basis for imposing the amount child support owed by a non-custodial parent. The lower court order should also demonstrate that the imposed child support complies with the requirement that one percent [1%] of the non-custodial parent’s annual income be attributed per child pursuant to Administrative Order 2014 2.0.
Order
¶ 15 This Court finds no violation of Appellant Flynn’s procedural due process rights due to the manner in which testimony was obtained at the lower court hearing. Nor did the lower court commit any error by addressing child support issues at the time of hearing. In addition, this Court finds no abuse of discretion by the lower court when it imputed income to Appellant Flynn as the non-custodial parent and used the federal minimum wage to calculate child support.
*455 ¶ 16 This Court finds the lower court violated Appellant Flynn’s due process right by failing to provide detailed information on how child support was calculated. This matter, is REMANDED back to the lower court with directions to articulate the precise calculations used to determine the amount of child support imposed and to modify the child support order to reflect: the per child amount of child support; when child support shall terminate for each child; what consequence for nonpayment of support can be imposed; and what changes in circumstances can justify a request to modify.
SO ORDERED.